CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Chad Pennington (Bar No. 354831)
Chad_Pennington@fd.org
David Menninger (Bar No. 281460)
David_Menninger@fd.org
Deputy Federal Public Defenders
3801 University Ave., Ste. 700
Riverside, California 92501
Telephone: (951) 276.6346

Attorneys for Petitioner
YOSTIN SLEIKER GUTIERREZ-CONTRERAS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOSTIN SLEIKER GUTIERREZ-CONTRERAS,<br><br>        Petitioner,<br><br>        v.<br><br>WARDEN, DESERT VIEW ANNEX, ANDRE QUINONES, ICE FIELD OFFICE DIRECTOR; TODD M. LYONS, ACTING DIRECTOR OF ICE; KRISTI NOEM, SECRETARY OF HOMELAND SECURITY; PAM BONDI, ATTORNEY GENERAL; DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES, in their official capacities.<br><br>        Respondent(s). | Case No. ____<br><br><br>**PETITION FOR WRIT OF HABEAS CORPUS BY INDIVIDUAL IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2241** |

Petitioner Yostin Sleiker Gutierrez-Contreras, through counsel of

record Deputy Federal Public Defenders Chad Pennington and David Menninger, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  April 20, 2025          */s/ Chad Pennington*

Chad Pennington
David Menninger
Deputy Federal Public Defenders
Attorneys for YOSTIN SLEIKER
GUTIERREZ-CONTRERAS

# I. INTRODUCTION

Petitioner Yostin Sleiker Gutierrez-Contreras files the instant petition as a safeguard. He already filed a nearly-identical petition last week. *See Gutierrez-Contreras v. Warden*, CV 5:25-911-SSS (KES). That petition, and the instant one, seek to prevent his expulsion from the United States under the supposed authority of the Alien Enemies Act ("AEA") and in the absence of lawful removal order issued under the Immigration and Nationality Act ("INA").

The reason he is filing the instant petition is that Respondents claim that the prior petition suffers a jurisdiction flaw because Respondents removed Petitioner from this district hours before that petition was filed. But Respondents have since returned Petitioner to Central District of California, and undersigned counsel has taken reasonable measures to confirm that he is present in this district now—at the time of this filing. Although Petitioner contends that his return to California moots any jurisdictional problem with the prior petition, he nonetheless files this petition as a safeguard to ensure that this Court retains jurisdiction. With Petitioner undisputedly present in immigration custody in the Central District of California, there can now be no dispute that venue is proper and that the Court can properly exercise jurisdiction over Petitioner's case.

Petitioner does not take this belt-and-suspenders approach lightly, but finds it necessary given the immense issues at stake and the fact that the government has moved to dismiss the prior petition on jurisdictional grounds. Petitioner is willing to proceed however the Court deems most efficient, including by consolidating this petition with the prior petition. If the government agrees to waive its jurisdictional objection to the prior petition (since Petitioner is now physically present in this District) Petitioner is willing to dismiss this petition. *See Khalil v. Joyce*, __ F. Supp. 3d __, WL

1

972959, at \*24 (D.N.J. Apr. 1, 2025) ("A respondent-custodian can choose to waive objections to personal jurisdiction.").

Petitioner is a national of Venezuela who is currently in immigration proceedings. He is released pretrial in a pending criminal matter in this district, *see U.S. v. Gutierrez-Contreras*, 5:25-CR-121-KK (C.D. Cal. 2025), but currently detained by immigration authorities at Desert View Annex immigration detention facility in Adelanto, California. Presently, there is no order authorizing his removal from the United States; rather, his removal proceedings under the INA remain ongoing. He seeks habeas corpus relief preventing his removal under the purported authority of the AEA. Petitioner respectfully requests that this Court grant him a writ of habeas corpus under 28 U.S.C. § 2241 and order respondents to refrain from removing him unless and until such time as he receives a valid removal order under the INA.

## II. JURISDICTION

This Court exercises jurisdiction under 28 U.S.C. §1331; § 2241; the Due Process Clause of the Fifth Amendment, U.S. Const. amend. V; and the Suspension Clause, U.S. Const. art. I.

## III. VENUE

Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391 and 2242 because at least one respondent is in this district, petitioner is detained in this district, petitioner's immediate physical custodian is in this district, and a substantial part of the events giving rise to the claims took place in this district. *See generally Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("the proper respondent to a habeas petition is 'the person who has custody over the petitioner'") (citing § 2242) (cleaned up).

## IV. PARTIES

1. Petitioner is currently detained by respondents in an immigration detention facility in Adelanto, California. He has been in ICE custody since about March 26, 2025, when ICE officials detained him after he was ordered released in the separate criminal proceeding.

2. Respondent Warden is the acting Warden at the Desert Annex immigration facility in Adelanto, California.

3. Respondent Andre Quinones is the field officer director in the Enforcement and Removal Operations ("ERO") division of Immigration and Customs Enforcement ("ICE"). He is responsible for administrative jurisdiction over petitioner's immigration case. He is named in his official capacity.

4. Respondent Todd M. Lyons is the Acting Director of ICE. He is a legal custodian of petitioner and is named in his official capacity.

5. Respondent Kristi Noem is the Secretary of the United States Department of Homeland Security ("DHS"). She is a legal custodian of petitioner and is named in her official capacity.

6. Respondent Pamela Jo Bondi is the Attorney General of the United States Department of Justice. She is a legal custodian of petitioner and is named in her official capacity.

7. Respondent Donald J. Trump is the President of the United States. He is the head of the executive branch of the United States government. He is a legal custodian of petitioner and is named in his official capacity.

## V. FACTUAL STATEMENT

Petitioner came to the United States in November of 2023, from Venezuela.[1] After a brief period of ICE detention, Petitioner was released from ICE custody and directed to appear at the nearest ICE ERO office.

---

[1] Much of the factual background was obtained from the criminal complaint lodged against petitioner in 5:25-CR-121-KK, ECF No. 1.

3

On May 13, 2024, petitioner was enrolled in biometric ICE reporting and directed to enroll in intensive ICE supervision in San Bernadino, California. On September 6, 2024, petitioner reported to the ERO in San Bernadino, California. ERO took photos of petitioner's tattoos and, apparently on the basis of those tattoos alone, concluded petitioner had a possible affiliation with Tren de Aragua ("TdA"), a purported criminal organization or "gang." Nonetheless, ERO allowed Mr. Gutierrez-Conteras to remain on supervision. Petitioner vigorously disputes any TdA affiliation.

On March 14, 2025, respondent Donald Trump proclaimed that the government would remove members of TdA under the supposed authority of the AEA. *See* the White House, Presidential Proclamation, March 14, 2025, https://www.whitehouse.gov/presidential-actions/2025/03/invocation-of-the-alien-enemies-act-regarding-the-invasion-of-the-united-states-by-tren-de-aragua/ (last accessed April 14, 2025.)

Although Mr. Gutierrez-Contreras had maintained perfect compliance on supervision, on March 19, 2025, ERO officials abruptly reversed course and took him into custody. Upon information and belief, during that arrest the arresting officers indicated to him that he would be sent to El Salvador from immigration custody. On March 19, 2025, ICE officials conducted an administrative search of petitioner's residence and allegedly discovered a false work permission document.

On March 21, 2025, a complaint was filed in the criminal case alleging violations of 18 U.S.C. § 1546(a). On March 26, 2025, petitioner had his initial appearance and detention hearing in the criminal case. At that time, the presiding magistrate judge ordered him released pretrial on conditions. But rather than allowing his release as ordered, ICE officials took petitioner back into immigration custody. Petitioner has remained in immigration custody since that time. Respondents first held Petitioner at the Otay Mesa Detention

4

Facility, in San Diego County, before moving him to the Desert View Annex in Adelanto, California, which is in San Bernardino County and the Central District of California.

Undersigned counsel conducted a video visit with Petitioner while he was held at Desert View Annex on April 12, 2025, and discussed plans to file a habeas petition under 28 U.S.C. § 2241 to challenge any attempted AEA removal.

On April 14, 2025, undersigned counsel was notified by the petitioner's family that the petitioner had told them that ICE was planning on moving him from Desert View Annex to an unknown location. At that time, ICE's online detainee locator indicated that Mr. Gutierrez-Contreras was still at Desert View Annex. Undersigned counsel filed a petition under 28 U.S.C. 2241 just after 4:00 p.m. on April 14, 2025. *Gutierrez-Contreras v. Warden*, CV 5:25-911-SSS (KES) ("the 911 Petition") (Dkt. 1). Soon thereafter, counsel filed a request for a temporary restraining order requiring Respondents to provide two weeks notice before attempting to remove Petitioner in the absence of a lawful removal order. (*Id.* at Dkt. 4.)

According to a declaration subsequently filed by the Respondents, Mr. Gutierrez-Contreras was taken out of the Central District in the morning on April 14, 2025. (CV 5:25-911-SSS, Dkt. 12-2, Decl. of Yousuf Khan ¶ 6.) He was taken on "a series of flights" before he landed in the Northern District of Texas just after 7:00 p.m. Central Time (or just after 5:00 p.m. Pacific Time), where he was held at the Blue Bonnet Detention Facility. (*Id.*) If Respondents' declaration is accurate, therefore, the 911 Petition was filed after Petitioner was taken out of the Central District of California but before he arrived in the Northern District of Texas.

Media reports and other litigation confirm that Respondents were holding many Venezuelan nationals who they accused of TdA membership at

5

the Blue Bonnet Detention Facility in Texas, with the intention of sending them to El Salvador under the supposed authority of the AEA. *See* Order, *A.A.R.P. v. Trump*, 604 U.S ___, No. 24A1007 (April 19, 2025); CNN, "What we know about the Supreme Court's midnight Alien Enemies Act order," April 19, 2025, https://www.cnn.com/2025/04/19/politics/supreme-court-alien-enemies-act-order/index.html.

On April 16, 2025, this Court (Hon. Sunshine S. Sykes) granted petitioner's requested TRO. CV 5:25-911-SSS (KES) (Dkt. 7.) The following day, the Court issued a further order confirming the requested two-weeks-notice requirement. (Dkt. 10.)

On April 18, 2025, Respondents filed a motion to dissolve the TRO, arguing that the Court lacked authority to issue the TRO because Respondents removed Petitioner from the district before the petition was filed. (Dkt. 12.) The Court ordered Petitioner to file his opposition to that motion by noon on Monday, April 21, 2025. (Dkt. 13.)

On April 19, 2025, Respondent's counsel notified Petitioner's counsel that Respondents were moving Petitioner back to the Central District of California. (Declaration of David Menninger, attached at XX.) It is the understanding of Petitioner's counsel that, despite Petitioner's return to the Central District, Respondents maintain their jurisdictional objections and continue to seek dissolution of the TRO issue in the 911 Petition. (*Id.*)

On April 20, 2025, ICE's online detainee locator shows that he is at Desert View Annex in Adelanto, California. Undersigned counsel also spoke a family member of Petitioner who spoke with Petitioner and confirmed that Petitioner was at Desert View Annex.

According to the online case status information for the Executive Office for Immigration Review, Petitioner is scheduled for a video hearing with the Adelanto Immigration Court on April 21, 2025 at 1:00 p.m.

# VI. LEGAL FRAMEWORK

Section 1229a of Title 8 of the U.S. Code provides that, "[u]nless otherwise specified in this chapter, a proceeding under this section shall be the sole and exclusive procedure for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States." Petitioner is in Section 1229a removal proceedings and such proceedings are ongoing. No determination has yet been made whether he is to be removed from the United States in such proceedings. Certain noncitizens may be ordered removed by an immigration officer under the expedited removal procedures described in 8 U.S.C. § 1225(b), but no determination has been made that petitioner is amenable to expedited removal. A noncitizen who has illegally reentered the United States after having been removed may have that prior order of removal reinstated and may be removed pursuant to that prior order, as described in 8 U.S.C. § 1231(a)(5). Petitioner, however, has never been ordered removed previously and consequently has no prior order of removal that may be reinstated. And, an immigration judge currently has authority to adjudicate petitioner's removal case, unless the immigration judge grants a motion to dismiss or terminate removal proceedings. *See* 8 C.F.R. § 1239.2. Although petitioner could not depart voluntarily unless and until such a dismissal were to occur, petitioner has not requested voluntary departure.

To resolve this case, the Court need only rule that in the absence of an order of removal, petitioner cannot be removed from the country. Should the Court nonetheless choose to address constitutional questions, it should also find that petitioner's removal in the absence of a removal order violates the Due Process Clause of the Fifth Amendment. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause [of the Fifth

Amendment] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). At a bare minimum, "the Due Process Clause includes protection against unlawful or arbitrary personal restraint or detention." *Id.* at 718 (2001) (Kennedy, J., dissenting) (emphasis added). Where federal law precludes an individual's removal, removing them under an inapposite statute, such as the AEA, additionally violates the Due Process Clause.

## VII. ARGUMENT

Petitioner contests removal in the absence of a valid removal order issued under the INA. Petitioner is in Section 1229a removal proceedings and such proceedings are ongoing. No determination has yet been made whether he is to be removed from the United States in such proceedings. Thus, the removal of petitioner under the AEA, in the absence of a final order of removal violates the INA, and he is entitled to an order prohibiting respondents from removing him unless and until such time as he receives a properly issued final removal order. Moreover, the Due Process Clause of the Fifth Amendment forbids the government from depriving any person of liberty without due process of law. U.S. Const. amend. V; *see also generally Reno v. Flores*, 507 U.S. 292 (1993); *Demore v. Kim*, 538 U.S. 510 (2003). The Due Process Clause forbids Petitioner's removal in the absence of a lawful removal order issued after notice and the ability to respond. Petitioner further contends that the AEA does not authorize his removal or expulsion from the United States in the absence of a valid removal order issued under the INA. Petitioner vigorously contests the legality of respondent President Trump's March 14, 2025 proclamation. But even by the terms of that proclamation, it does not apply to petitioner because he is not a "member" of TdA.

Petitioner asks that this Court assume jurisdiction over the instant petition; enjoin his imminent removal unless and until a removal order is

properly entered against him; set a hearing on this petition within five days of the return, as required by 28 U.S.C. § 2243; grant a writ of habeas corpus ordering respondents to immediately release petitioner from custody unless they refrain from seeking to remove him without a removal order; and grant such further relief as this Court deems just and proper.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 20, 2025          */s/ Chad Pennington*

Chad Pennington
David Menninger
Deputy Federal Public Defender
Attorneys for Yostin Guiterrez-Contreras

9

## DECLARATION OF DAVID MENNINGER

1.      I am a Deputy Federal Public Defender in the Central District of California. I represent Petitioner Yostin Sleiker Gutierrez-Contreras along with my colleague Deputy Federal Public Defender Chad Pennington.

2.      On April 19, 2025, Assistant United States Attorney Christina Marquez informed me that ICE was returning Mr. Gutierrez-Contreras to California to appear for a hearing in the parallel criminal matter.

3.      Respondents have filed a motion to dissolve the TRO filed in CV 5:25-911-SSS (KES) on the grounds that Respondents had removed Mr. Gutierrez-Contreras out of the Central District just before that petition was filed. It is my understanding, based on my conversation with AUSA Marquez, that Respondents' position is that Mr. Gutierrez-Contreras's return to the Central District does not moot Respondents' time-of-filing objection to the prior petition.

4.      At around 6:45 a.m. this morning, April 20, 2025, I checked ICE's online detainee locator website, and it showed that Mr. Gutierrez-Contreras was being held at Desert View Annex. Shortly thereafter, I spoke to a family member of Mr. Gutierrez-Contreras, who told me that Mr. Gutierrez-Contreras had called her from Desert View Annex yesterday evening.


The declaration is true and accurate and submitted under penalty of perjury.


Dated: April 20, 2025          *s/ David Menninger*
                               DAVID MENNINGER
                               Deputy Federal Public Defender

10